## Clarence H. Clark, Appellant, *v.* City of Philadelphia.

*Road law—Opening street—Damages.*

Where a street has been opened in accordance with a grade established by ordinance, the landowner is not entitled, in proceedings for damages, to introduce evidence as to the amount of filling necessary to bring his property up to a grade established by an earlier ordinance.

In a proceeding to recover damages for the opening of a street, the mere establishment of a grade on paper prior to the one which was consummated by physical construction cannot be considered and, it is proper to refuse to allow the landowner's witnesses to testify whether there could have been a more favorable grade for the development of the plaintiff's property than the grade established by the ordinance under which the street was opened.

Argued April 4, 1898. Appeal, No. 495, Jan. T., 1897, by plaintiff, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1891, No. 487, on verdict for defendant. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Trespass to recover damages for the opening of a street. See Plan 166, 143 Pa. 414, and Clark v. Philadelphia, 171 Pa. 30, where the property in controversy in this case was also involved. Before WILTBANK, J.

At the trial it appeared that in 1878, a grade of plaintiff's property was established by a confirmed plan. Nothing was ever done, however, either by the city or by the plaintiff, in accordance with this plan. By an ordinance of November 2, 1885, the grade was changed from that established in 1878, and in 1889 Forty-fifth street was opened in accordance with the grade of November 2, 1885.

When William H. Jones, a witness for plaintiff, was on the stand, he testified as follows :

Mr. Clark, of counsel, for plaintiff: " Q. Did you ever make an estimate of the amount of filling required upon those properties to bring them to the grade regulations of 1878 established by the city? A. I did. Q. Are those your figures?" The purpose being to put plainly upon the record again the offer that the amount of filling necessary to bring plaintiff's properties to the grade regulations in force on November 1, 1885, is a material and relevant matter, and one which I am entitled to have before the jury. I repeat that offer, adding that this offer is made not as an independent item of damage, but as it influences value."

Objected to by Mr. Miller. Objection sustained. Exception noted for plaintiff. [1]

George W. Hancock, a witness for plaintiff, was questioned by the court: " Q. But you are quite uncertain to what height it was to be filled, and it is only after the passage of the ordinance of 1888 that you find the height established according to the lines of 1885; now, how can you estimate a value in view of that uncertainty? A. There was a grade established as early—— Q. You must not talk about that grade of 1878 ; that is not in the case. I am putting the question as to the uncertainty which you have just spoken of. You have said that after this grade was adopted practically, and the work was done, you had facts. So you had. You had the facts, you had an established grade according to the lines on the plan of 1885. Before that, you had not facts. Now, before you had facts, how could you estimate the value of that land?" [2]

The witness was asked by plaintiff's counsel: " Q. I understand that there could have been a more favorable grade for the development of the plaintiff's property than the grade of November 2, 1885?"

Objected to. Objection sustained. Exception noted for plaintiff. [3]

Defendant's points and the answers thereto among others were as follows:

1. The jury have nothing to do with any plan earlier than the plan of 1885. *Answer:* Affirmed. [4]

2. The jury have nothing to do with the question whether the city might have fixed a more favorable grade for Mr. Clark than it has fixed. *Answer:* Affirmed. [5]

3. No suit can be brought for damages because of the change of a street height on the city plan. The damage is not done until the work is performed. The question then is whether the property is worth more or less after the street is constructed to the new grade than it was under the conditions immediately preceding the construction. [6]  *Answer:* Affirmed.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–3) rulings on evidence, quoting the bill of exceptions; (4–6) above instructions, quoting them.

*Joseph S. Clark*, for appellant.—The value of the plaintiff's property on November 1, 1885, that is, immediately before the change of November 2, 1885, depended very largely upon the established paper grade at that date, and upon the amount of filling required to bring his property to that grade. Testimony on both of these points is competent and admissible under the authorities: Ry. Co. v. McCloskey, 110 Pa. 436; Dawson v. Pittsburg, 159 Pa. 317; Reyenthaler v. Philadelphia, 160 Pa. 195; Patton v. Philadelphia, 175 Pa. 88; Penn. S. V. R. Co. v. Cleary, 125 Pa. 442; Chambers v. South Chester Boro., 140 Pa. 510; Harris v. Railroad Co., 141 Pa. 242; Wilson v. Equitable Gas Co., 152 Pa. 566; Larkin v. Scranton City, 162 Pa. 289; Phillips v. St. Clair Incline Plane Co., 166 Pa. 21; Struthers v. Railroad Co., 174 Pa. 291; Lee v. Water Co., 176 Pa. 223; Lewis v. Water Co., 176 Pa. 230; Wilkey v. Philadelphia, 180 Pa. 146.

*E. Spencer Miller*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellee, cited Clark v. Philadelphia, 171 Pa. 30; In re Plan 166, 143 Pa. 414; Act of May 16, 1891, P. L. 75.

PER CURIAM, April 18, 1898:

We find nothing in this record that would justify a reversal of the judgment. Defendant's points recited in the fourth, fifth and sixth specifications were rightly affirmed; and there appears to be no error in the learned judge's rulings referred to in the first three specifications.

Judgment affirmed.